| | |
|---|---|
| RUIZ FOOD PRODUCTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL MEIGS, an individual, AMY LOEWUS, an individual, INDUSTRIAL BAKERY TECHNICAL SERVICE, LLC, a Colorado Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:18-cv-00317-DAD-EPG<br><br><br><br>ORDER CLOSING CASE FOLLOWING STIPULATION OF DISMISSAL WITHOUT PREJUDICE<br><br>(Doc. No. 22) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On October 31, 2018, the parties filed a joint stipulation dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. No. 22.)

Under Rule 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order if he or she files "a stipulation of dismissal signed by all parties who have appeared." In light of the voluntary dismissal signed by all parties who have appeared, this action has terminated, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), and has been dismissed without prejudice.

The parties also request that the court retain jurisdiction to enforce the terms of their settlement agreement. (Doc. No. 22 at 4.) Federal courts may, within their discretion, retain jurisdiction over settlement agreements reached out of court. *See Kokkonen v. Guardian Life Ins.*

1

*Co. of Am.*, 511 U.S. 375, 381 (1994).  The decision to retain jurisdiction is discretionary and not mandatory.  *See HM Elec., Inc. v. R.F. Techs., Inc.*, No. 12-cv-2884-BAS-MDD, 2016 WL 4063806, at *1 (S.D. Cal. Feb. 17, 2016).  The court will retain jurisdiction here to interpret and enforce the terms of the settlement agreement in light of the future actions anticipated pursuant to that agreement.

    Pursuant to the parties' stipulation dismissing this case pursuant to Rule 41(a)(1)(A)(ii), the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 1, 2018**

_____
UNITED STATES DISTRICT JUDGE